NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE COUNTY OF HUDSON, et al., | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 06-319 (JAP) |
| ROBERT C. JANISZEWSKI, et al., | : |
| Defendants. | : **OPINION** |

On November 2, 2007, this Court entered an Order and Opinion denying Defendant Western Surety Company's ("Western Surety") motion for summary judgment as to its liability and denying in part, granting in part Western Surety's motion for summary judgment to limit damages.  Specifically, the Court found that Western Surety was not entitled to summary judgment as to liability to Plaintiffs the County of Hudson ("the County"), Hudson County Executive Thomas A. DeGise ("DeGise"), the Board of Chosen Freeholders of the County of Hudson ("the Board"), and the Hudson County Improvement Authority ("HCIA") (collectively "Plaintiffs") on the basis that the claim is time-barred.  In addition, the Court held that Plaintiffs may seek damages in the form of the penal sum set forth in the official bonds covering the period of September 3, 1993 through September 3, 2004.

Western Surety now moves for reconsideration of that decision on the grounds that the Court (1) misapprehended the state of the law in respect of their argument that, because Plaintiffs' claims against Defendant Robert Janiszewski ("Janiszewski"), the principal to the official bonds, were time-barred, Plaintiffs' claim under the bonds are similarly time-barred; (2)

misinterpreted *Totowa v. American Surety Co. of New York*, 39 N.J. 332 (1963), to find that Western Surety may be liable to Plaintiffs for the full amount of the penal sum set forth on the bonds; and (3) improperly construed the facts presented to conclude that Plaintiffs' claim triggered the bond covering the period of September 3, 2000 through September 3, 2004. For the reasons expressed below, the Court denies Western Surety's motion for reconsideration.

I. BACKGROUND[1]

This action arises from an alleged bribery scheme that took place while Janiszewski served as County Executive for Hudson County from January 1, 1998 through October 1, 2001. Specifically, the Complaint alleges that, beginning in 1993, Janiszewski, in his official capacity as County Executive, accepted bribes from co-Defendants, various county vendors, in exchange for securing service contracts with the County. (Cmplt. ¶¶ 28, 35). Pursuant to N.J.S.A. 40A:5-34, Western Surety issued a series of Official Bonds to Janiszewski, covering the period between September 3, 1991 and September 3, 2004. Between September 3, 1991 and September 3, 1996, three series of Bonds each provided a penal sum of $100,000. The Bond covering the period from September 3, 1996 through September 3, 2000 was originally issued as providing a penal sum of $100,000, but was increased on June 30, 1999 to $350,000. The final Bond, effective from September 3, 2000 through September 3, 2004, provided a penal sum of $350,000.

On November 2, 2007, this Court denied Western Surety's motion for summary judgment on the basis that Plaintiffs' claim against the bonds was time-barred because Plaintiffs' claims against Janiszewski, the principal, were time-barred. This Court also denied in part Western

---

[1] For a full summary of the relevant facts, see *County of Hudson v. Janiszewski*, __ F. Supp. 2d __, 2007 WL 3243930 (D.N.J. Nov. 2, 2007).

Surety's motion to limit damages on the basis that Plaintiffs could only seek damages in the form of actual damages, rather than in the full amount of the penal sum set forth in the bonds. Nevertheless, the Court found that Plaintiffs' claim triggers the bonds issued during the periods of September 3, 1991 though September 3, 1996; September 3, 1996 through September 3, 2000; and September 3, 2000 through September 3, 2004.

On November 16, 2007, Western Surety filed the present motion for reconsideration. Plaintiffs oppose the motion on the basis that Western Surety failed to show an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error of law.

**II.    DISCUSSION**

    **A.    *Standard of Review***

A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *N. River Ins. Co. v. Cigna Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotation and editing marks omitted).  The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).  Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" *Ibid.* (internal quotation marks omitted).

    **B.    *Analysis***

Western Surety raises three main arguments in support of its motion for reconsideration:

(1) the Court should have looked to the law in other jurisdictions to determine that Plaintiffs' claim against the bonds is time-barred because Plaintiffs' claims against the principal were time-barred; (2) the Court misinterpreted *Totowa*, *supra*, which, according to Western Surety, stands for the proposition that a claim under an official bond must be limited to actual compensatory damages; and (3) the Court inappropriately found that Plaintiffs' claim triggered the bond covering the period of September 3, 2000 through September 3, 2004 because the facts do not clearly show that Janiszewski engaged in the bribery scheme—or otherwise misused his public office—after September 3, 2000.

### 1.     Plaintiffs' Claim Under the Bonds is Not Time-Barred

In respect of their first argument, Western Surety argues that the Court should have applied to Plaintiffs' claim against Western Surety the four-year statute of limitations applicable in civil actions brought pursuant to the federal Racketeer Influence and Corporate Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, and the New Jersey RICO Act, N.J.S.A. 2C:41-1 *et seq.* ("NJRICO").  In addition, Western Surety challenges the Court's holding that Plaintiffs' failure to sustain a cause of action against the bonds' principal, Janiszewski, on statute of limitations grounds does not bar their action against the surety.  To support this challenge, Western Surety cites to cases from Kansas, Texas, Illinois, and Oregon, which each held that sheriff's official bonds acted as collateral security and, thereby, the applicable statute of limitations for an action under a sheriff's bond is that applicable to the underlying cause of action. *Ryus v. Grubel*, 3 P. 518 (Kan. 1884); *Phillips v. Hail*, 118 S.W. 190 (Tex. Civ. App. 1909); *Illinois v. Wochner*, 244 Ill. App. 30 (Ill. App. Ct. 1927); *Barnes v. Mass. Bonding & Ins. Co.*, 172 P. 95 (Or. 1918).

Indeed, Western Surety does not identify an intervening change in controlling law, newly

available evidence, a clear error of law, or a need to prevent manifest injustice.  In respect of Western Surety's argument that the six-year statute of limitations does not apply to Plaintiffs' claim under the bonds, Western Surety cites to *City of Newark v. Stout*, 18 A. 943 (N.J. 1889).  In fact, that case does state that a claim brought under a public official bond was not bound by a six-year statute of limitations.  *Stout*, *supra*, 18 A. at 944.  However, to reach that decision, the Supreme Court of New Jersey relied on the specific language of the statute of limitations in effect at that time, which stated that the six-year period of limitation "applies only to contracts 'without specialty.'"  *Ibid.*  New Jersey no longer ascribes to the distinction between contracts with or without specialty for purposes of statute of limitations.  *See* N.J.S.A. 2A:14-1.

In addition, Western Surety does not cite to any authority indicating that New Jersey follows the theory that an official bond is simply collateral security for the performance of the officer's duty, rather than the theory that such a bond creates a primary contractual obligation. *Compare Oakes v. Am. Surety Co. of N.Y.*, 76 P.2d 932, 936 (Idaho 1938) ("The sheriff's bond is only collateral security for the enforcement of such cause of action.  It does not *give* the cause of action.  It is the *wrong which gives that*, and the bond simply furnishes security to indemnify the person . . . .") *with Herkimer v. Am. Sur. Co. of N.Y.*, 18 A.D.2d 94, 95 (N.Y. App. Div. 1963) (finding action brought to recover on series of public officer's bonds "is solely one in contract"). In fact, it appears that New Jersey follows the contractual theory.  *In re Liquidation of Integrity Ins. Co.*, 147 N.J. 128, 131, 135-36 (1996).  Moreover, the cases relied on by Western Surety are not only from different jurisdictions, but also discuss only sheriff's official bonds; in New Jersey, there is a statutory distinction between such bonds and public official bonds.  *Compare* N.J.S.A. 40A:5-34 *with* N.J.S.A. 40A:9-95.  Thus, the Court finds these cases do not support Western

Surety's contention that the Court committed any clear error of law. Accordingly, the Court finds no adequate basis to reconsider this portion of its November 2, 2007 Opinion.

### 2. Plaintiffs' Claim is Limited to the Penal Sum of the Bonds

Next, Western Surety argues that the Court, in its November 2, 2007 Opinion, misinterpreted *Totowa*, *supra*, in finding that Plaintiffs' claim under the bonds is for the penal sum as set forth in the bonds, rather than for calculable compensatory damages. According to Western Surety, the Supreme Court of New Jersey, in *Totwa*, *supra*, intended to limit recoverable damages under an official bond to only actual, calculable compensatory damages. However, in its Opinion, the Court relied on *Totowa* for the proposition that Plaintiffs could not seek damages beyond the penal sum stated in the relevant bonds. Indeed, the Court merely rejected Western Surety's argument that Plaintiffs' claim for damages went beyond the penal sum and is, essentially, a claim for disgorgement. Because the Court, in the November 2, 2007 Opinion, did not decide the amount of damages recoverable by Plaintiffs—but, rather, decided that the penal sums stated in the bonds are available as a maximum measure of damages—the Court now finds there has been no clear error of law such that warrants a reconsideration.

### 3. Plaintiffs' Claim Triggers the Last Bond Period

Finally, Western Surety challenges the Court's conclusion that Plaintiffs' claim triggers the last bond issued covering the period of September 3, 2000 through September 3, 2004. According to Western Surety, the claim cannot trigger this bond because the facts indicate that Janiszewski, the bond principal, cooperated with federal investigating authorities in November of 2000 and because there is nothing in the record proving that Janiszewski actively accepted bribes between September 3, 2000 and November, 2000. In its Opinion, the Court recognized that

Western Surety cannot be liable under the bonds once Janiszewski began to cooperate with the federal authorities, but recognized that the time period before November, 2000 is still in issue for purposes of calculating damages. The fact that Plaintiffs' claim triggers the bond covering the period of September 3, 2000 through September 3, 2004 does not preclude a future finding that Plaintiffs' damages during that time frame may be quantitatively limited on the basis that the principal, Janiszewski, did not engage in a pattern of racketeering after November, 2000. As a result, the Court finds no basis to reconsider its prior Opinion.

## III. CONCLUSION

For the reasons stated above, Western Surety's motion for reconsideration is denied, as Western Surety does not identify an intervening change in controlling law, newly available evidence, a clear error of law, or a need to prevent manifest injustice. An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

DATED:    December 21, 2007